ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORMAN MAURICE ROWE, M.D., M.H.A,
L.L.C; EAST COAST PLASTIC SURGERY,
P.C.,

                Plaintiffs,

    - against -

AETNA LIFE INSURANCE COMPANY,

                Defendant.

23 Civ. 08512 (LLS)

OPINION & ORDER

Defendant Aetna Life Insurance Company ("Aetna") moves to dismiss the Complaint of plaintiffs Norman Maurice Rowe, M.D., M.H.A., L.L.C. ("Rowe") and East Coast Plastic Surgery, P.C. ("ECPS") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 27). For the reasons explained below, the motion to dismiss is granted.

## Background

The following facts are taken from the Complaint and presumed true for the purposes of this motion. The Court will also consider a call transcript submitted by defendants because the representations made on the call are the basis for this lawsuit. See Call Transcript (Dkt. No. 28-1); see also Rowe Plastic Surgery of New Jersey, LLC v. Aetna Life Ins. Co., 2024 WL 4315128, at *2 (2d Cir. Sept. 27, 2024) (finding a nearly identical call transcript integral to the amended complaint).

- 1 -

Plaintiffs Rowe and ECPS are plastic surgery practices, and defendant Aetna is an insurance company. Compl. ¶¶ 3, 6, 9 (Dkt. No. 1).

On or around July 21, 2021, plaintiffs' employee, Kiana, called Aetna to verify insurance coverage for a bilateral breast reduction for plaintiffs' patient, K.E. Id. at ¶¶ 18-19. Kiana told the Aetna representative, Brian, that she was "looking for outpatient surgery benefits done in a hospital, billing as a professional, and I do have a CPT code." Call Transcript, p.4, ll. 17-19. Brian provided K.E.'s in- and out-of-network coverage, and Kiana asked, "[a]nd so out of network, what are her reimbursement rates?" Id. p. 7, ll. 13-14. Brian replied, "[i]t is 80% reasonable and customary." Id. p. 7, l. 15. The call ended shortly thereafter.

Plaintiffs understood this exchange to mean "Aetna made a unilateral offer to reimburse services rendered by Non-Party Norman Rowe, M.D. and Non-Party Charles Pierce, M.D. using 80% reasonable and customary to determine the amount of reimbursement, if any." Compl. ¶ 21. Plaintiffs claim they accepted Aetna's offer by performing K.E.'s surgery on September 29, 2021. Id. ¶ 31.

Following the surgery, Rowe and ECPS billed Aetna $300,000, but Aetna only paid plaintiffs $1,790.58. Id. ¶¶ 33, 37. Rowe and ECPS allege they suffered damages because the $1,790.58

- 2 -

payment was not within the 80% reimbursement rate and was not a reasonable value for K.E.'s surgery. Id. ¶ 53. Rowe and ECPS sued for breach of contract, unjust enrichment, promissory estoppel, and fraudulent inducement.

**Procedural History**

This Complaint is one of several similar suits filed by Rowe and ECPS against Aetna in this District and the Eastern District of New York. See Rowe Plastic Surgery of New Jersey, LLC v. Aetna Health & Life Ins. Co., 2025 WL 1004730, at nn.1-3 (S.D.N.Y. 2025) (listing cases).

"This case, and the approximately 30 other similar lawsuits, are based on the same theory: phone calls confirmed that the insurance company would pay at least 80% (in some instances 90%) of a reasonable and customary fee, and the conversations created enforceable contracts that were breached." Rowe Plastic Surgery of New Jersey, LLC v. Aetna Life Ins. Co., 2025 WL 1907005, at *1 (E.D.N.Y. July 10, 2025).

The Honorable Judge Jed S. Rakoff rejected this argument and granted Aetna's motion to dismiss for failure to state a claim, which the Second Circuit affirmed. See Rowe Plastic Surgery of New Jersey, LLC v. Aetna Life Ins. Co., 705 F. Supp. 3d 194 (S.D.N.Y. 2023), aff'd, 2024 WL 4315128 (2d Cir. Sept. 27, 2024)(hereinafter "Rowe I" and "Rowe II," respectively). After the Second Circuit issued its decision in Rowe II, many of

the plaintiffs' cases were dismissed for the reasons set forth in Rowe I and affirmed in Rowe II. See Rowe Plastic Surgery of New Jersey, LLC v. Aetna Life Ins. Co., 2025 WL 1786416, at *2 (S.D.N.Y. June 27, 2025)(listing Rowe cases dismissed in the Southern and Eastern Districts of New York).

## Legal Standard

On a motion to dismiss under Rule 12(b)(6), the Court accepts "all factual allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." Kelly-Brown v. Winfrey, 717 F.3d 295, 304 (2d Cir. 2013).

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiffs' fraudulent inducement claim is also subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), and a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); see also Rowe I, 705 F. Supp. 3d at 199.

the plaintiffs' cases were dismissed for the reasons set forth in Rowe I and affirmed in Rowe II. See Rowe Plastic Surgery of New Jersey, LLC v. Aetna Life Ins. Co., 2025 WL 1786416, at *2 (S.D.N.Y. June 27, 2025)(listing Rowe cases dismissed in the Southern and Eastern Districts of New York).

## Legal Standard

On a motion to dismiss under Rule 12(b)(6), the Court accepts "all factual allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." Kelly-Brown v. Winfrey, 717 F.3d 295, 304 (2d Cir. 2013).

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiffs' fraudulent inducement claim is also subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), and a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); see also Rowe I, 705 F. Supp. 3d at 199.

the plaintiffs' cases were dismissed for the reasons set forth in Rowe I and affirmed in Rowe II. See Rowe Plastic Surgery of New Jersey, LLC v. Aetna Life Ins. Co., 2025 WL 1786416, at *2 (S.D.N.Y. June 27, 2025)(listing Rowe cases dismissed in the Southern and Eastern Districts of New York).

## Legal Standard

On a motion to dismiss under Rule 12(b)(6), the Court accepts "all factual allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." Kelly-Brown v. Winfrey, 717 F.3d 295, 304 (2d Cir. 2013).

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiffs' fraudulent inducement claim is also subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), and a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); see also Rowe I, 705 F. Supp. 3d at 199.

## Discussion

The plaintiffs' claims for breach of contract, unjust enrichment, promissory estoppel, and fraudulent inducement must be dismissed for the reasons established in Rowe I and Rowe II.

First, the Complaint fails to state a claim for breach of contract and promissory estoppel because Aetna's verification of benefits was not an offer or promise to pay plaintiffs a particular amount. In Rowe II, the Second Circuit held that a call to verify insurance benefits and reimbursement rates "f[e]ll short of the definiteness typically required to create an offer, such as details of the specific service and the price or an explicit undertaking of a duty." Rowe II, 2024 WL 4315128, at *3; see also Rowe I, 705 F. Supp. 3d at 203 ("No reasonable person would understand that representation to be an offer or promise to pay a particular amount to plaintiffs."). Here, the call transcript shows that the purpose of the call was to obtain information on "outpatient surgery benefits done in a hospital" and K.E.'s out-of-network reimbursement rate. Call Transcript, p. 4, ll. 17-18, p. 7, ll. 13-14. As Rowe II held, "the lack of definiteness eliminates any uncertainty as to what a reasonable factfinder would conclude about whether this conversation created an actionable offer by Aetna." Rowe II, 2024 WL 4315128, at *3. Plaintiffs' breach of contract and promissory estoppel claims must be dismissed.

The Complaint also fails to state a claim for unjust enrichment because Aetna was not enriched by K.E.'s surgery. Courts in this Circuit reject the theory that a medical service performed for a patient benefits an insurer. See Travelers Indem. Co. of Connecticut v. Losco Grp., Inc., 150 F. Supp. 2d 556, 563 (S.D.N.Y. 2001) ("It is counterintuitive to say that services provided to an insured are also provided to its insurer. The insurance company derives no benefit from those services; indeed, what the insurer gets is a ripened obligation to pay money to the insured -- which hardly can be called a benefit."); see also Rowe II, 2024 WL 4315128, at *3 ("It was the patient, not Aetna, who received the benefit of the Providers' direct services."). Plaintiffs' allegation that "[t]he benefit conferred upon Aetna was the benefit of its bargain, bilateral breast reduction and other medical services rendered to KE" is insufficient to state a claim for unjust enrichment because K.E., not Aetna, benefitted from the procedure. Compl. ¶ 65. Plaintiffs' unjust enrichment claim must be dismissed.

Finally, the Complaint fails to state a claim for fraudulent inducement because it merely restates the breach of contract allegations. "A fraud claim will not be sustained on a motion to dismiss where the plaintiff is simply using the claim as a means of restating what is, in substance, a claim for

breach of contract." Rowe II, 2024 WL 4315128, at *5 (internal citations and quotations omitted). Plaintiffs' breach of contract and fraudulent inducement claims rely on the same allegations: Plaintiffs entered into an agreement with Aetna for a specified reimbursement rate, plaintiffs performed the surgery necessary to receive the reimbursement rate, and plaintiffs were damaged when Aetna refused to pay the reimbursement rate. See Compl. ¶¶ 57-60, 76-81. Because plaintiffs' fraudulent inducement claim restates their breach of contract claim, it has not satisfied the stringent pleading requirement of Federal Rule of Civil Procedure 9(b) and must be dismissed. See Rowe I, 705 F. Supp. 3d at 205.

## Conclusion

Aetna's Motion to Dismiss for failure to state a claim is granted.

So ordered.

Dated: New York, New York

    September 15, 2025

*Louis L. Stanton*

LOUIS L. STANTON

U.S.D.J.